UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CLIFFORD GATES,

    Petitioner,

v.                                        Case No. 1:13-cv-715

BONITA J. HOFFNER,                    HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Petitioner, Anthony Clifford Gates, filed a petition for a writ of habeas corpus raising a number of issues. On October 16, 2017, Magistrate Judge Ray Kent issued a thorough 38–page Report and Recommendation (R & R) recommending that the Court deny Gates' petition. (ECF No. 35.)

Pursuant to Federal Rule of Civil Procedure 72(b), a petitioner "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a petitioner objects. Gates has filed Objections to the R & R as to all grounds. (ECF No. 38.) Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Gates' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The magistrate judge cited and quoted the proceedings and opinions of the pertinent Michigan state courts. Those, and the relevant law need not be restated here. In his objection to the R & R, Gates at times misstates the law or the record and fails to show why the R & R was incorrect. His objections are adequately addressed in the R & R and the Court need not further discuss each objection.

For a number of his arguments, Gates relies on a jury question from his criminal trial to argue that, among other things, the jury did not believe that Gates committed a breaking and entering. According to Gates, the jury asked, "PPO? If the victim initiates contact w/ the defendant, does that 'void' the PPO." (ECF No. 38 at PageID.1707-08.) Gates misconstrues this question. The jury question is just that: a question. It is not a factual finding by the jury, it is not a part of the verdict, it is merely a question the jury posed in the process of its deliberations that ultimately resulted in Gates' guilty verdicts for first-degree home invasion, felonious assault, and aggravated stalking. The Court cannot peer into the black box of the jury room and make assumptions contrary to the verdict.

Gates repeatedly states that "[t]he prosecutor conceded the element of breaking and entering" or a variant of this phrase. (*See, e.g.*, ECF No. 38 at PageID.1712.) It is not clear what Gates means by this, but from his ensuing argument it appears he misunderstands what a lesser included offense is.[1] A lesser included offense means that a less serious offense, here breaking and entering, is included as an element of a greater offense, here first-degree home invasion. *People v. Klingbail*, No. 332903, 2017 WL 3173013, at *3 (Mich. App. July 25, 2017). That is, breaking and entering is not a separate theory, or an alternative to "entering without permission" as Gates argues; breaking and entering is an element of the first-degree home invasion crime. The

---

[1] Petitioner admits that he "was confused by the analogy. [His attorney] did not ask for the lesser included offence." (ECF No. 38 at PageID.1715.)

jury must find that the defendant committed the crime of breaking and entering before it can conclude that he committed first-degree home invasion, which it did here when it issued a guilty verdict. Therefore, Gates' conviction of first degree home invasion innately includes breaking and entering.

Gates also argues that the R & R was incorrect in finding that he has not shown that he was wearing identifiable prison clothing. However, the substantive issue in this matter is not whether he was wearing prison clothing, but rather whether his trial counsel should have objected. "[T]he failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, 425 U.S. 501, 512-513, 96 S. Ct. 1691, 1697 (1976).

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Gates has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Gates' claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that

reasonable jurists could not find that this Court's denial of Gates' claims was debatable or wrong. Thus, the Court will deny Gates a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 16, 2017, (ECF No. 35) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 38) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: November 28, 2017  /s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE